UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

MOTION OCEAN, LLC,

    Plaintiff,

vs.

ACCELERANT SPECIALTY INSURANCE COMPANY, HADRON SPECIALTY INSURANCE COMPANY, PALOMAR EXCESS AND SURPLUS INSURANCE COMPANY, TEXAS INSURANCE COMPANY, AEGIS SYNDICATE 1225 AES and TALBOT SYNDICATE 1183 TAL

    Defendants.
_____/

## COMPLAINT

**COMES NOW** Plaintiff, MOTION OCEAN, LLC (hereinafter "Plaintiff"), and hereby files its Complaint for Breach of Contract against Defendants, ACCELERANT SPECIALTY INSURANCE COMPANY ("Accelerant"), HADRON SPECIALTY INSURANCE COMPANY ("Hadron", PALOMAR EXCESS AND SURPLUS INSURANCE COMPANY ("Palomar"), TEXAS INSURANCE COMPANY ("TIC"), and AEGIS SYNDICATE 1225 AES (AEGIS) and TALBOT SYNDICATE 1183 TAL (TALBOT) (hereinafter collectively "Defendants") and would show:

1. This action is for breach of Contract with damages in excess of $900,000.00 exclusive of attorney fees and cost. This Court has jurisdiction pursuant to 28 U.S.C. 1332 as Plaintiff and Defendant are citizens of different states.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to the extent required to adjudicate any state law claims necessary to address all issues and claims

1

raised in the pleadings. The events, acts, and circumstances giving rise to this action occurred in Florida and venue is proper withinthis District.

3. Venue is proper within the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a forum-selection clause in the subject policy of insurance provides that disputes arising thereunder be heard in "the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides." Plaintiff's address on the Policy is listed as being in this District, venue is proper in this District.

4. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been complied with.

## THE PARTIES AND PARTICIPANTS

5. At all times material to this action, Plaintiff, a limited liability company consisting of two members is incorporated in the State of Florida. Both members are residents and citizens of the State of Florida.

6. At all times material to this action, Accelerant is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia..

7. At all times material to this action, Hadron is and was a domestic surplus lines insurer organized and existing under the laws of the State of Arkansas, with its office and principal place of business located in the State of Georgia.

8. At all times material to this action, Palomar is and was a domestic surplus lines

insurer organized and existing under the laws of the State of Arizona, with its office and principal place of business located in the State of California.

9. At all times material to this action, TIC is and was a licensed and admitted surplus lines insurer organized and existing under the laws of the State of Texas, with its office and principal place of business located in the State of Nebraska.

10. At all times material to this action, Aegis is and was an insurance managing general agent organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom. Aegis is a wholly owned subsidiary of Aegis Insurance Services organized under the laws of New Jersey with its principal place of business in New Jersey.

11. At all times material to this action, Talbot is and was an insurance managing general agent organized and existing under the laws of the United Kingdom, with its office and principal place of business located in the United Kingdom.

12. Defendants are subject to the personal jurisdiction of this Court as the Florida long-arm statute, Fla. Stat. § 48.193(1)(a)(1); Fla. Stat. § 48.193(1)(a)(2) and Fla. Stat. § 48.193(1)(a)(7), provides for personal jurisdiction over the nonresident Defendants. Specifically Fla. Stat. § 48.193(1)(a)(1) provides jurisdiction, as the Defendants operated, conducted or engaged in a business venture in the state, to wit, the issuance of insurance as an eligible surplus lines insurer; Fla. Stat. § 48.193(1)(a)(2) provides a basis for jurisdiction as Defendants committed tortious acts within the state resulting in damages to Plaintiff and Fla. Stat. § 48.193(1)(a)(7), provides a basis for jurisdiction as the defendant breached a contract in the state by filing to perform acts required by the contract to be performed in Florida as the contract provides for navigation in Florida waters.

## GENERAL ALLEGATIONS

13. Defendants issued a policy of marine insurance utilizing the Concept Special Risks Ltd. Premier Private and Pleasure Yacht Insuring Agreement (PYP/22/PPO) to Plaintiff, policy no. CSRYP/2406918, with effective dates of October 7, 2024 to October 7, 2025 (the "Policy").

14. The Policy provides insurance coverage for the 2013 82' Schaefer with triple Volvo 900hp diesel engines, hull identification number, SYC80F01B313 (the "Vessel") owned Plaintiff on the Concept Special Risks Ltd. Premier Private and Pleasure Yacht Insuring Agreement (PYP/22/PYO).

15. The policy was issued to Plaintiff at 10205 Collins Ave, Bal Harbour, Florida.

16. The Boat was principally berthed within this District.

17. The policy provided navigation limits that included Florida.

18. Plaintiff was the named insured under the policy.

19. The Policy contractually provides Defendants will cover physical loss or damage to the insured vessel that occurs during the period of insurance.

20. The policy further provides coverage for reasonable expenses incurred to minimize or mitigate a covered loss whether successful or not.

21. The Policy provides coverage for accidental physical loss or damage to the Vessel.

22. The Policy contractually provides that Defendants will ensure that claims are handled in a prompt and professional manner and in accordance with the terms of the Policy.

23. On or about December 20, 2024, Plaintiff's insured vessel, a 2013 82' Schaefer, hull identification number, SYC80F01B313, was involved in an exhaust system failure during a sea trial in the waters near Government Cut, Miami Beach, Florida.

24. The newly installed exhaust system failed resulting in the intrusion of water, soot, and heat causing damage to the Vessel.

25. The Vessel sustained extensive hull and machinery damage as a result of the exhaust system failure and water, heat, and soot intrusion.

26. The exhaust failure and water, soot, and heat intrusion event was fortuitous from the standpoint of the Plaintiff.

27. Plaintiff timely notified Defendants of the loss in accordance with the policy terms and provisions.

28. Following the exhaust failure and water, soot, and heat intrusion event, Plaintiff took preventative measures to minimize or mitigate the damage.

29. The cost to repair the boat exceed the hull insurance policy limit of $961,000.00

30. Plaintiff incurred expenses through the efforts to minimize or mitigate the damage to the vessel.

31. On or about February 6, 2025, Plaintiff submitted a Notice of Tender Abandonment and Sworn Statement in Proof of Yacht Hull Loss claiming a Constructive Total Loss.

32. Defendants have not issued a Reservation of Rights or have otherwise declined coverage.

33. Defendants have failed to accept coverage or payment for Plaintiff's claim as required by the Policy.

## **BREACH OF CONTRACT – NON PAYMENT OF CLAIM**

34. Plaintiff incorporates by reference the allegations of paragraphs 1- 33 above with the full force and effect thereof.

35. This is an action for breach of contract arising from non-payment of a covered claim under the policy issued by the Defendants.

36. Sudden accidental damage to the Vessel is a covered loss under the Premier Private and Pleasure Yacht policy issued by Defendants.

37. The failure of the newly installed exhaust system was a fortuitous event resulted in water, soot, and heat intrusion was not caused by any excluded cause of loss under the Policy.

38. Notwithstanding the fact that the newly installed exhaust system failure and water, soot, and heat intrusion event is a fortuitous loss covered loss under the Concept Special Risks Ltd. Premier Private and Pleasure Yacht Insuring Agreement and that the loss was not the result of an excluded cause of loss, Defendants have failed to pay for the loss to the vessel or property on board the vessel.

39. As a result of the failure of Defendants to accept coverage and pay for the loss under the Policy, Plaintiff has sustained damages consisting of a Constructive Total Loss to the Hull and mitigation expenses.

WHEREFORE the Plaintiff seeks entry of a judgment in their favor and against the Defendant in the sum sufficient to compensate them for their direct, consequential and incidental damages resulting from the breach of contract together with costs, and pre and post judgment interest and such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all issues so triable.

By: *s/ Christopher R. Fertig*
CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No. 218421
chris.fertig@fertig.com

FERTIG & GRAMLING<br>
200 Southeast 13th Street<br>
Fort Lauderdale, Florida 33316<br>
Telephone: (954) 763-5020<br>
Facsimile: (954) 763-5412<br>
*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by the Florida Courts E-Filing Portal on February __, 2025 on all counsel or parties of record on the attached service list.

By: *s/ Christopher R. Fertig*
CHRISTOPHER R. FERTIG, ESQ.
Florida Bar No. 218421
chris.fertig@fertig.com